IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FRANKIE GREEN
REG #11382-035                                                                        PLAINTIFF

V.                             2:09CV00070 SWW/JTR

RINGWOOD, Director,
FCI-Forrest City, et al.                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the requested hearing before the
         United States District Judge was not offered at the hearing before the

> Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### I. Introduction

Plaintiff, Frankie Green, who is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-FC"), has filed this *pro se* lawsuit alleging that Defendants served him pork in violation of his known religious beliefs.[1]  *See* docket entries #1, #15, and #19.  Plaintiff contends that Defendants actions constitute: (1) a violation of his First Amendment right to freely practice his religions, as protected by *Bivens;*[2] and (2) negligence and/or intentional tort, in violation of the Federal Tort Claims Act ("FTCA").  *Id.*

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement

---

[1] Defendants are FCI-FC Warden Outlaw, Food Director Ringwood, Food Service Staff Ponder, Food Service Staff Davis, Food Services Staff Byaum, and Food Services Staff White.

[2] In *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

of Indisputable Material Facts. *See* docket entries #37, #38, and #39. Plaintiff has *not* filed a Response or a Statement of Disputed Facts, and the time for doing so has expired.[3] Accordingly, the facts set forth in Defendants' summary judgment papers are deemed admitted, pursuant to Local Rule 56.1(c).

## II. Discussion

**B.**     **Plaintiff's *Bivens* Claim**

Defendants argue that Plaintiff's *Bivens* claim must be dismissed, without prejudice, because he has failed to properly exhaust his administrative remedies. *See* docket entries #37, #38, and #39. This argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 525 (2002) (explaining that the exhaustion requirement applies to federal prisoners who have filed a *Bivens* action). The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved. *Id.* Importantly, the Eighth Circuit has clarified that § 1997e(a) requires inmates to: (1) fully exhaust their administrative remedies as to each separate claim raised in the complaint; and (2) complete the exhaustion process *prior* to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003);

---

[3] On January 27, 2010, the Court issued an Order directing Plaintiff to file a Response to Defendants' Motion for Summary Judgment and a Statement of Disputed Facts. *See* docket entry #41. Importantly, the Court advised Plaintiff that if he failed to do so, the facts set forth in Defendants' summary judgment papers would be deemed admitted, pursuant to Local Rul 56.1(c). *Id.*

*Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

To fully exhaust administrative remedies, a federal prisoner must: (1) file an Informal Inmate Request to Staff Member (form BP 8.5) within twenty calendar days of the alleged incident; (2) submit a Request for Administrative Remedy (form BP9) to the prison warden or unit manager; (3) appeal the warden's response to the Regional Director (form BP-10); and (4) appeal the Regional Director's response to the General Counsel in the Central Office (form BP-11). *See* 28 C.F.R. § 542.10 to 542.15.

In November and December of 2008, Plaintiff timely filed an Informal Inmate Request to Staff and a Request for Administrative Remedy, alleging that FCI-FC food workers served him turkey and cheese hot dogs without warning him, or other Muslim prisoners, that the food contained pork products. *See* docket entry #38, Ex. A, B,C, G. Both Requests were denied, and Plaintiff appealed to the Regional Director. *Id.*

On January 2, 2009, the Regional Director denied Plaintiff's appeal. *Id.* Plaintiff proceeded to the fourth step of the administrative process by filing an appeal to the General Counsel in the Central Office. *Id.* On March 26, 2009, the General Counsel rejected Plaintiff's appeal because it did not contain a copy of his Request for Administrative Remedy or the Warden's Response. *Id.* The General Counsel then gave Plaintiff fifteen days to resubmit his appeal with the proper documentation. *Id.* On April 29, 2009, Plaintiff was given an additional fifteen days to file his properly supported appeal to the General Counsel. *Id.* Plaintiff *never* did so.

Based on these *admitted* facts, it is clear that Plaintiff failed to fully and properly exhaust his administrative remedies in regard to his *Bivens* claim.[4] *See Woodford v. Ngo*, 548 U.S. 81, 90-91

---

[4] The FTCA contains a separate exhaustion process. *See* 28 U.S.C. § 2675. Defendants do *not* argue that Plaintiff failed to exhaust his administrative remedies in regard to his FTCA claim.

(2006) (holding that a procedurally defective administrative grievance or appeal does not satisfy the PLRA's exhaustion requirement); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (holding that PLRA's exhaustion requirement was not satisfied were a prisoner's grievances were returned, without a final decision on the merits, due to a procedural error). Accordingly, this claim should be dismissed, without prejudice.

**C.     Plaintiff's FTCA Claim**

It is well settled that an FTCA claim can *only* be brought against the United States of America, and not individuals. *See* 28 U.S.C. §§ 1346 and 2679; *Osborn v. Haley*, 549 U.S. 225, 229-230 (2007); *Westfall v. Erwin*, 484 U.S. 292, 300 (1988). Plaintiff has *not* named the United States of America as a Defendant. Instead, he has only named individuals, who are no amenable to suit in an FTCA action. Accordingly, his FTCA claim should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Defendants' Motion for Summary Judgment (docket entry #37) be GRANTED, and this case be DISMISSED, WITH PREJUDICE.

2.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this <u>5th</u> day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE